VAN TYNE v. PRATT.

Perpetuities—Restraint on Alienation—Testamentary Trusts—Statutes—Mandatory Power to Sell Realty.

Testamentary trust providing that trustee should sell any real estate remaining in the trust at death of wife by second marriage of son of testatrix and the trust estate not then be subject to immediate distribution and closing satisfied requirements of the statute respecting suspension of the power of alienation since such power was restrained for only one life in being, notwithstanding provisions of the trust were such that it might not be fulfilled during the lifetime of person whose life limited the trustee's power of alienation of the realty (3 Comp. Laws 1929, §§ 12934, 12935).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 18, 1939. (Docket No. 77, Calendar No. 40,765.) Decided December 20, 1939.

Bill by Robert Van Tyne and Edith Van Tyne Schoolenberg against Stephen A. Pratt, individually

and as executor and trustee of the last will and testament of Mary Nellie Locher, deceased, and others for the construction of a will, to have testamentary trusts declared invalid, to have a will declared invalid, for an injunction and an accounting. Decree for plaintiffs. Defendants appeal. Reversed.

*Leo W. Hoffman*, for plaintiff Van Tyne.

*Howard, Howard & Howard*, for plaintiff Schoolenberg.

*Mason, Sharpe & Stratton*, for defendants.

BUSHNELL, J. This is an appeal from a decree which set aside the trust provisions of the last will and testament of Mary Nellie Locher, deceased, on the ground that the power of alienation of real estate was suspended for more than two lives in being.

Frank Van Tyne, the deceased son of testatrix, had two children by his first marriage. They are the plaintiffs in this case. Defendants George Vernon Van Tyne and Mary Jane Van Tyne are the minor children of Frank Van Tyne by his second marriage. They, with plaintiffs, are the sole heirs at law of the testatrix. Defendant Hilda J. Van Tyne is the mother of George and Mary. Defendants Laura K. Pratt and Stephen A. Pratt are legatees of a specific bequest made by the testatrix and Stephen A. Pratt is named in the will as sole executor and trustee.

The trust set up in the will provides in substance that the residue of the estate shall be held in trust for the following purposes: Hilda J. Van Tyne is to receive one-third of the income for her life; George and Mary are each to receive one-third of the income until they reach the age of 30. If either George or Mary or both die before reaching the age of 30, leaving surviving heirs of their bodies, such heirs shall

share in the income of their deceased parent, until Hilda's death, and any then living shall share in the distribution of the corpus. If either George or Mary dies before the age of 30 without heirs of his or her body surviving, his or her share shall go to the survivor of them or to his or her heirs; and if both George and Mary die before the age of 30 without issue, then Hilda shall receive the entire income for her life. If both of the grandchildren die prior to final distribution without issue them surviving, in such event the residue is to be distributed after the death of Hilda to certain named charities.

The will contains the following mandate:

"In the event that any real estate shall remain in this trust following the death of the said Hilda J. Van Tyne and that said trust estate shall not be then subject to immediate distribution and closing, then and in such event I do hereby direct that such real estate shall be sold by said trustee."

It is agreed by the parties that the only question involved is that of suspension of the power of alienation, no question being raised as to the rule against perpetuities.

The trial court held that the mandate to sell does not save the trust from being in violation of the statute against restraint upon alienation of real estate, and said:

"The trust provisions create several possible situations in which it seems alienation of real estate may be restrained during more than two lives in being.

"If Hilda J. Van Tyne shall predecease her children, George and Mary, before they attain the age of 30, then it may be said that alienation will be suspended during only one life. If she shall predecease one of them before either attains the age of 30, then it may be said alienation will be suspended during only two lives. But if George and Mary shall both

die before either attains the age of 30 and before
Hilda's death, then it seems clear that alienation will
be suspended during three lives in being; that is,
that the suspension of alienation will not end until
the close of three lives in being.

"Other possible situations discussed by counsel
are conceivable in which suspension of alienation
may endure during more than two lives in being.

"Under the holding in *Grand Rapids Trust Co.* v.
*Herbst,* 220 Mich. 321, paragraph 2 of the will must
be held valid and the trust provisions invalid."

A decree was entered setting aside the trust and
ordering administration of the property of the de-
ceased according to the statutes of descent and dis-
tribution, excepting the specific bequest.

Does the will restrain the power of alienation
longer than two lives in being?

The statutes involved (3 Comp. Laws 1929, §§ 12934,
12935. [Stat. Ann. §§ 26.14, 26.15] read:

"Every future estate shall be void in its creation,
which shall suspend the absolute power of alienation
for a longer period than is prescribed in this chap-
ter; such power of alienation is suspended when
there are no persons in being, by whom an absolute
fee in possession can be conveyed.

"The absolute power of alienation shall not be
suspended by any limitation or condition whatever,
for a longer period than during the continuance of
two lives in being at the creation of the estate, except
in the single case mentioned in the next section."

The situation thus presented is controlled by
*Grand Rapids Trust Co.* v. *Herbst,* 220 Mich. 321;
*Michigan Trust Co.* v. *Baker,* 226 Mich. 72; and
*Gardner* v. *City National Bank & Trust Co.,* 267
Mich. 270. The effect of a proper mandate to sell
real property is settled law. The opinion in the
*Gardner Case* reviewed many authorities and em-

phasized that the mandate to sell in the Baker will took that case out of the holding of the *Herbst Case.* George and Mary may or may not predecease Hilda, but the trust, so far as real property is concerned, continues during her lifetime only, because of the mandate to sell. The power of alienation is suspended for only one life in being, that of Hilda. The provisions of the will satisfy the requirements of the statute and the trust is valid. The learned trial judge was in error in holding that alienation will be suspended during three lives in being. The testamentary yardstick is exact and is Hilda's life, not the lives of Hilda plus George plus Mary.

The decree entered by the trial judge is vacated and one may be entered here upholding the trust. Costs to appellants.

BUTZEL, C. J., and WIEST, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. SHARPE, J. did not sit.